D. P. GIBSON, plaintiff in error, vs. C. C. WILLIAMS, defendant in error.

1. A new trial will not be granted on account of newly discovered evidence, where the ground is, that the party did not know that his wife was competent till after the trial, and he does not state what he expects to prove by her.

2. The party moved for a new trial on the ground that he did not know at the trial that a person was on the jury, who was the relative of a person interested in the question, not a party to the record. The application did not state the degree of relationship, nor did it state that it was unknown to his counsel at the trial: *Held*, that the motion was properly overruled by the Court.

3. The proof of the simple fact that a defendant lost property during the war, is not sufficient to authorize the jury to reduce the amount of plaintiff's debt.

Motion for new trial. Relief. Before Judge ALEXANDER. In Lowndes Superior Court. May Term, 1869.

Williams sued Gibson on two promissory notes. Against one of them Gibson plead *non est factum*. These notes were given to one Boyd, and were once owned by one Clyatt. Clyatt testified that he asked Gibson for the money on the note in question, stating its amount, and Gibson made some promise as to paying it. Boyd testified that he sold Gibson some cotton and differing as to the amount which the cotton at the price came to, Gibson's wife was asked to make the calculation. She did so, wrote the note sued on for the

amount and signed Gibson's name to it, brought it out and handed it to Gibson, who said it was right and then delivered it to Boyd.    Another witness testified the same as to the making and delivery of said note.    It was shown also that Gibson had paid orders to others, written in the same handwriting as was the note.

Gibson swore that he did not sign said note nor authorize any one else to sign his name to it, and that he had lost about $18,000 "by the results of the war."    The jury were charged and found for Williams the principal of the notes.

Gibson moved for a new trial upon the grounds, that the verdict was contrary to law and the evidence; because he wished to use his wife as a witness, having learned since the trial that she was competent; and because of the relationship of certain jurors to the parties and the enmity of others of them to him.    In support of this last ground, Gibson made an affidavit that Swilly, one of the jury, was Boyd's nephew, and that Rodney, another juror, was a brother-in-law of Clyatt, and that he did not know these facts till after the trial.    Upon this showing the new trial was refused, and that is assigned as error.

BAKER & HAMMOND, for plaintiff in error, made no appearance.

R. A. PEEPLES, HANSEL & HANSEL, by the Reporter, opened the record and asked for damages for delay.

BROWN, C. J.

1. We are very clear that the new trial in this case was properly refused.    Concede the competency of defendant's wife as a witness and it cannot avail him.    He must have known what she would testify, and it was his duty to have informed his counsel, and inquired of them whether she was competent before the trial.    Having failed to do so, this Court will not relieve him against his own neglect.

2. The evidence does not show that the juror was related to the party, nor does the degree of relationship appear to

the Court in the motion for a new trial; nor was it shown that the counsel of the defendant did not know of the existence of the relationship at the trial. The affidavit of the defendant shows that he did not know that Francis Swilly was on the jury at the trial. But, if it were material, it is not clearly stated that he did not know of the relationship of the juror to the payee of the note. It was his duty to know who was on the jury at the trial. The law charges him with notice of that fact.

3. This Court has decided at the last Term that proof by the defendant that he lost property during the war, without connecting the plaintiff with the loss, is not sufficient to authorize the jury to reduce the plaintiff's debt. We do not think this a case where it is our duty to allow damages. We are not satisfied that the case was brought here for the purpose of delay only.

Judgment affirmed.